In the Matter of WILLIAM M. AYDELOTTE, an Attorney, Respondent.

First Department, July 6, 1923.

**Attorney and client — disciplinary proceedings — attorney suspended for one year for sending letter to client containing threat to disclose confidential communications if his bill for services was not paid.**

An attorney at law suspended for one year for sending a letter to a client in which he stated that if he were forced to take any proceedings to establish his claim against her for services rendered it would be necessary for him to disclose confidential information concerning her violation of the Federal law in failing to file income tax returns.

DISCIPLINARY proceedings instituted by the Association of the Bar of the City of New York.

*Einar Chrystie*, for the petitioner.

*Battle, Vandiver, Levy & Van Tine*, for the respondent.

First Department, July, 1923.          [Vol. 206

CLARKE, P. J.:

The respondent was admitted to the practice of the law in Indiana in 1896, thereafter removed to California and was admitted on motion to the bar of that State and there practiced from 1902 to 1917. He was admitted on motion to the bar of this State in 1918 at a term of the Appellate Division, First Department, and was practicing as such at the time of the matters herein complained of. A client instituted a proceeding in the Supreme Court in which she asked for an order directing the respondent to deliver to her certain papers which belonged to her and of which he retained possession. The learned justice there presiding granted the motion and handed down an opinion in which he said: " I have directed that a copy of this memorandum be sent to the Grievance Committe of the Bar Association and to the District Attorney."

The petition alleges that the respondent has been guilty of misconduct as an attorney at law as follows: That between January 1, 1921, and April 8, 1921, the respondent rendered certain services in behalf of Mrs. Lulu V. Railing; that on or about April 8, 1921, Mrs. Railing, having dispensed with the respondent's services, received from him a bill. On April 10, 1921, Mrs. Railing notified the respondent that she declined to pay this bill. On April 13, 1921, respondent wrote a letter to Mrs. Railing requesting payment of the bill which he had rendered. This letter among other things contains the following statement: " I shall regret very much indeed if this matter becomes public or if I am forced to take any proceedings to establish my claim for by so doing I would be forced to do that which I would very much dislike to do and that is to reveal, in stating the services I rendered, the contents of my letter to you of March 1, in reference to your failure to pay income tax for years past in which letter I enclosed the typewritten blank suggestions to help you file a return by March 15, and all consultations with reference to your violation of the Federal Law in not filing your income tax returns." This statement was inserted in the letter sent to Mrs. Railing by the respondent for the purpose of inducing her to pay the aforesaid bill by threatening to make public certain information regarding her alleged failure to pay income taxes and regarding her alleged violation of the Federal law, all of which information he had obtained from her while acting as her attorney and counsel.

The respondent admits the sending of the letter containing the paragraph quoted, but denies the inference sought to be drawn therefrom. The matter was sent to the official referee who, after a full hearing, reports as follows: "After a most careful consideration of the evidence in the case and the briefs of counsel, the Referee

is of opinion that there is nothing in the proceeding in any wise adding to or taking from the sinister aspects of the paragraph in question. Whether considered in connection with the entire record in the proceeding, or considered only with the rest of the communication of which the paragraph complained of is a part, or yet standing entirely by itself, it is the belief of the Referee that no other conclusion is possible than that the respondent endeavored to force the payment of his bill by means of the evident threat therein contained. In the opinion of the Referee the respondent has been guilty of misconduct as an attorney at law as charged in the petition."

The learned justice who at Special Term directed that the matter be sent to the grievance committee in his memorandum said: " I have searched in vain, through the great length of the letter, evidently prepared with the most meticulous care, in which the quoted excerpt appears, for something, anything, that would take from the excerpt the threatening character it seems too clearly to bear upon its face. It remains unexplained and unexcused."

After a careful consideration of all the testimony we have reached the same conclusion as that expressed by the justice at Special Term and the official referee. The respondent's client was engaged in the business of leasing apartments, installing furniture therein and thereafter renting them as furnished apartments. Whatever information the respondent received in respect to her income and the necessity or non-necessity of filing income tax returns was obtained by him in the course of his professional relations with her, and of course, was confidential as between attorney and client. To threaten to disclose information thus received for any purpose would be a violation of the attorney's professional obligations. To attempt to force the payment of the bill under an agreement which the client claimed had never been made, and for an amount which she declared to be unjust and unreasonable, by suggestion of making public her violation of the Federal law was an attempt to coerce as much as if he had brandished a club at her. The paragraph quoted from the letter speaks for itself. No explanation beyond that of its plain and obvious meaning is possible. We approve of the finding of the learned official referee that the respondent has been guilty of misconduct as an attorney at law. We find in the record no ground for excuse or palliation and conclude that he should be suspended for one year, with leave to apply for reinstatement at the expiration of that term upon proof of his compliance with the condition to be incorporated in the order to be entered hereon.

DOWLING, SMITH, MERRELL and McAVOY, JJ., concur.

Respondent suspended for one year. Settle order on notice.